**KALIEL GOLD PLLC**
JEFFREY D. KALIEL (SBN 238293)
SOPHIA G. GOLD (SBN 307971)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielgold.com

Attorneys for Plaintiff
**MARY HAWKINS**

(additional counsel listed on the signature page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HAWKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br><br>DEMAND FOR JURY TRIAL |

-1-

CLASS ACTION COMPLAINT

Plaintiff Mary Hawkins ("Plaintiff"), on behalf of herself and all other similarly situated members of the below-defined class, seeks to represent (the "Class") and alleges against Defendant Ford Motor Company ("Ford" or "Defendant"), upon personal knowledge as to the factual allegations pertaining to herself and as to all other matters upon information and belief, based upon the investigation made by the undersigned attorneys, as follows:

## I. INTRODUCTION

1. This case concerns Ford's deceptive and unfair practice of misleading consumers into overpaying for its vehicles by inflating the amount customers must pay for the delivery of their vehicles (*i.e.*, the "destination fee") when purchasing or leasing a new vehicle at one of Ford's authorized dealerships.

2. A vehicle's destination fee is generally understood in the automotive industry to reflect the manufacturer's average cost of delivering one of its vehicles to a dealership. That destination fee is charged to the dealer and passed on to the purchaser or lessee of that vehicle. Consumers similarly have the expectation that they are covering an automotive manufacturer's cost for the delivery of the manufacturer's vehicles when paying the "destination fee" as part of their new-vehicle lease or purchase.

3. The same is true for the destination fee at issue here, which Ford refers to as the vehicle's "Destination & Delivery" fee. At all relevant times, Ford has added the Destination & Delivery fee to the price of each new Ford- and Lincoln-branded vehicle that has been offered for sale in the United States (the "Class Vehicles"). Unfortunately for consumers, the amount of Ford's Destination & Delivery fee increased sharply over the years and currently sits at a whopping $995.00 per Class Vehicle.

4. Ford discloses the Destination & Delivery fee, along with other essential pricing information, on the window sticker of each Class Vehicle ("Monroney sticker")

-2-

CLASS ACTION COMPLAINT

and require that the specific amount of the Destination & Delivery fee be passed through to consumers, who are not allowed to negotiate the amount as part of the Class Vehicle's overall price. As a result, consumers who desire to purchase or lease one of Ford's vehicles are forced to pay the exorbitant Destination & Delivery fee and do so based on the belief that it is a legitimate charge directly related to the cost of delivering the Class Vehicle.

5. Despite the general understanding of the automotive industry and the reasonable expectations of consumers, however, Ford includes a significant amount of profit in its Destination & Delivery fee and, in doing so, deceives customers into paying far more than the actual cost of vehicle delivery when purchasing or leasing one of the Class Vehicles.

6. In fact, Ford's Destination & Delivery fee has little correlation to the cost of delivering the Class Vehicles to their intended destination (*i.e.*, Ford's dealerships) at all, and instead, has become a huge profit center for Defendants. Indeed, the Destination & Delivery fee allows Ford to extract hidden markups on the sale of the Class Vehicles from unsuspecting consumers.

7. As a direct and proximate result of Ford's concealment of and failure to disclose the profit that is included in the Destination & Delivery fee, Plaintiff overpaid for her Class Vehicle. Plaintiff has purchased a Class Vehicle that she would not otherwise have purchased, or would have paid less for, had she known that Ford's Destination & Delivery fee was not a legitimate charge related to the cost of delivering her Class Vehicle to its dealers at the point of sale. Plaintiff has consequently suffered ascertainable losses and actual damages as a result of Ford's unlawful conduct.

8. Accordingly, Plaintiff, on behalf of herself and the Class of similarly situated purchasers and lessees of the Class Vehicles, seeks damages and restitution to recover the inflated amounts paid to Ford as part of its Destination & Delivery fee, as

CLASS ACTION COMPLAINT

well as injunctive relief to prevent Ford from continuing its wrongful conduct, as well as alleged herein.

## II. JURISDICTION AND VENUE

9. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed class is a citizen of a different state than Defendants.

10. The Court has personal jurisdiction over Ford because Ford has purposefully availed itself of the privilege of conducting business activities in the State of California.

11. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the acts or omissions giving rise to the claims brought herein occurred or emanated within this District, Ford has marketed, advertised, sold, and leased the Class Vehicles in this District, and Ford has caused harm to Plaintiff residing in this District.

## III. PARTIES

**A.  Plaintiff**

12. Plaintiff Mary Hawkins (for the purpose of this section, "Plaintiff") is a citizen of California, residing in Beaumont, California. Plaintiff purchased a new 2019 Lincoln MKX (for the purpose of this section, the "Class Vehicle") on July 27, 2019, at Norm Reeves Ford Lincoln, one of Ford's authorized dealers located in Cerritos, California.

13. Prior to purchasing the Class Vehicle, Plaintiff viewed the Class Vehicle's Monroney sticker, including the $995.00 amount represented by Ford as the "Destination & Delivery" fee for the Class Vehicle.

14. Plaintiff reasonably believed that the $995.00 Destination & Delivery fee

-4-

CLASS ACTION COMPLAINT

represented Ford's cost to deliver the Class Vehicle to Norm Reeves Ford Lincoln, and further understood that the Destination & Delivery fee was a pass-through cost that she was required to pay and unable to negotiate as part of the Class Vehicle's overall price.

15. Ford failed to disclose that they had included profit in the Delivery & Destination Fee, and Plaintiff, therefore, purchased her Class Vehicle on the reasonable, but mistaken, belief that profit was not included in the Destination & Delivery fee.

16. Plaintiff reasonably relied to her detriment on Ford's representation regarding her $995.00 Destination & Delivery fee and its subsequent omissions regarding the true nature of the Destination & Delivery fee, which had been inflated with profit.

17. Plaintiff has been damaged by Ford's material representations and omissions regarding the Destination & Delivery fee for her Class Vehicle in that she overpaid for her vehicle by paying the full $995.00 amount of the Destination & Delivery fee when purchasing her Class Vehicle.

**B.    Defendant**

18. Defendant Ford Motor Company is a Delaware corporation with its principal place in Dearborn, Michigan. Ford designs, engineers, manufactures and sells vehicles under the Ford and Lincoln brands. Ford is the second-largest U.S.-based automaker and the fifth-largest automaker in the world.

**IV.    FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

19. Ford deceives consumers regarding the costs of shipping its vehicles by adding a deceptively-named "Destination & Delivery" fee to each of its automobile sales.

20. By labeling the fee a "Destination & Delivery," Ford leads reasonable consumers to believe the amount charged reflects the cost for "deliver[ing]" the vehicle to its "destination." By virtue of the name of the fee itself, Ford misleads reasonable

-5-

CLASS ACTION COMPLAINT

consumers into believing its "Destination & Delivery" fee reflects the actual cost of shipping its vehicles to their "destination," not the cost of shipping its vehicles *plus* profit.

21. Ford's price stickers break out the Destination & Delivery fee separate and apart from the base MSRP and include it as an add-on. With this chicanery, the vehicle itself appears less expensive, and Ford's artificial "Destination & Delivery" fee can be used as a vessel for profit that would otherwise appear in the cost of the vehicle.

22. But despite its name, the "Delivery & Destination," fee has little to do with getting the vehicle to its intended destination, and the name of the fee is itself a misrepresentation to shoppers.

23. Simple math shows this is true. While fuel and shipping costs have remained fairly constant over the last decade, the same cannot be said about Ford's Destination & Delivery fee during that same period. A recent study by Consumer Reporters revealed that Ford's Destination & Delivery fee on its vehicles rose an average of approximately 50 percent since 2011. The fee charged on the Ford F-150, specifically, rose to $1,695 in 2021, up from $1,195 in 2017—a 42 percent increase in just four years.

24. In sum, the increase in Ford's Destination & Delivery fee over the past decade has not and is not correlated with the actual increase in costs of shipping. That is why other automakers "destination fees" have not increased at the same pace during this same ten-year period. Audi, BMW, Infiniti, Lexus, Lincoln, Mercedes-Benz and Volvo each grew their fees by less than 20 percent over the past decade.

25. Ford uses its informational advantage—it knows exactly what it costs to ship vehicles to their "destination"—to exploit consumers, knowing full well that consumers have no way of verifying or even estimating what it costs to send a vehicle from one side of the country to another.

CLASS ACTION COMPLAINT

26. It was reasonable for Plaintiff to understand that separate line item called "Destination & Delivery" bore a reasonable relation to the shipping costs for the vehicle. Indeed, that is the very reason for a specially designated line-item charge. While consumers understand a lump sum price can include anything—including profit—the same is not true for line items. Line items are intended to inform consumers of the reason they are being charged. For that reason, consumers do not generally expect line-item costs to include hidden profit.

27. Federal law also supports this reasonable assumption. The Federal Automobile Information Disclosure Act requires manufacturers to disclose on the Monroney sticker "the amount charged to the dealer for the transportation of the car to the place of delivery." Reasonable consumers believe that the dealer pays the actual costs of delivery, and not a charge that has no correlation to the costs of transporting the vehicle to the dealership.

28. It is precisely because of this reasonable consumer understanding that other major industry participants routinely disclose that their "destination fees" are largely comprised of profit, not the actual cost of shipping. Indeed, Toyota, for example, labels its destination fee as a "Delivery, Processing and Handling Fee" and explains on its website that "Toyota may make a profit on the Delivery, Processing and Handling Fee." Ford makes no such disclosure.

29. Instead, Ford omits critical information concerning the Destination & Delivery. Ford never discloses that the Destination & Delivery fee far exceeds the actual costs it pays to transport their vehicles to dealers. Further, Ford does not disclose the methodology (if there is one) in calculating the Destination & Delivery fee. In truth, Ford devised, implemented, and arbitrarily set the amount of the Destination & Delivery fee without any intent to actually recover the true costs of shipping its vehicles.

-7-

CLASS ACTION COMPLAINT

30. Ford's conduct is likely to mislead consumers acting reasonably under the circumstances, as is evidenced by Plaintiff's experience, as described herein.

## V.     TOLLING OF THE STATUTE OF LIMITATIONS

### A.     Fraudulent Concealment Tolling

31. At all relevant times, Ford has known that profit is included in its Destination & Delivery fee, and has concealed from, or failed to, notify Plaintiff and Class members of the full and complete nature of the Destination Fees. Ford continues to conceal the fact that profit is included in its Destination & Delivery fee to this day.

32. Any applicable statue of limited has been tolled by Ford's knowledge, active concealment, and denial of the facts alleged herein, which behavior is ongoing.

### B.     Estoppel

33. Ford was, and is, under a continuous duty to disclose to Plaintiff and Class members the true nature of its Destination & Delivery fee. Ford actively concealed— and continues to conceal—the true nature of their Destination & Delivery fee and knowingly made misrepresentations about the nature of the Destination & Delivery fee. Plaintiff and Class members reasonably relied upon Ford's knowing affirmative representatives and/or active concealment of these facts. Based on the foregoing, Ford is estopped from relying on any statutes of limitations in defense of this action.

### C.     Discovery Rule

34. The causes of action alleged herein did not accrue until Plaintiff and Class members discovered that their Class Vehicles' Destination & Delivery fee contained profit.

35. Plaintiff and Class members had no realistic ability to discern that the Class Vehicles' Destination & Delivery fee included profit because of Ford's active concealment of that fact.

36. Thus, Plaintiff and Class members were not reasonably able to discover the fact that Ford's Destination & Delivery fee included profit until after they had

-8-

CLASS ACTION COMPLAINT

purchased or leased the Class Vehicles, despite their exercise of due diligence, and their causes of action did not accrue until they discovered that fact.

## VI. CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

38. The proposed "Class" is defined as:

> All consumers who, during the applicable statute of limitations, purchased or leased a Class Vehicle in the state of California and paid a Destination & Delivery fee.

39. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

40. Excluded from the Class are Ford, its parents, subsidiaries, affiliates, officers and directors, any entity in which Ford has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

41. The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to Ford's records.

42. The claims of the representative Plaintiff are typical of the claims of the Class she seeks to represent in that the representative Plaintiff, like all Class members, was charged improper and deceptive fees as alleged herein. Plaintiff, like all Class members, has been damaged by Ford's misconduct in that they have been assessed a deceptive Destination & Delivery fee. Furthermore, the factual basis of Ford's

misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Class.

43. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

44. Among the questions of law and fact common to the Class are whether Defendants:

    a. Misrepresented the cost of transporting the Class Vehicles to its dealerships;

    b. Violated the consumer protection acts of certain states through their misrepresentations and omissions regarding the Destination & Delivery fee;

    c. The proper method or methods by which to measure damages, and

    d. The declaratory and injunctive relief to which the Class are entitled.

45. Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same wrongful conduct. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

46. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class

members will continue to suffer losses and Ford's misconduct will proceed without remedy.

48. Even if Class member herself could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

49. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its treatment as a class action.

50. Ford has acted or refused to act on grounds generally applicable to each of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

51. All conditions precedent to bringing this action have been satisfied and/or waived.

## VII.  CAUSES OF ACTION

### COUNT I

### Violation of California's Unfair Competition Law ("UCL")

### (Cal. Bus. & Prof. Code §17200, *et seq*.)

52. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

53. Plaintiff brings this claim on behalf of herself and the Class.

54. In the course of its business, Ford violated the UCL by engaging in the following unlawful, fraudulent, and unfair business acts and practices:

-11-

CLASS ACTION COMPLAINT

a.  misrepresenting material facts pertaining to the sale and/or furnishing of the Class Vehicles to the Class by misrepresenting its Delivery & Destination fee;

b.  omitting, suppressing, and concealing the material fact that its Delivery & Destination fee contained profit.

c.  selling and leasing the Class Vehicles to Plaintiff and the Class members with knowledge that its Delivery & Destination fee contained profit, and intentionally concealing that fact from Plaintiff and California Class members; and

d.  violating California statutory law proscribing unfair methods of competition and unfair or deceptive acts or practices" (Cal. Civ. Code §1750, *et seq.*) and false advertising (Cal. Bus. & Prof. Code §17500, *et seq.*), and the public policy expressed by the California Legislature (Cal. Civ. Code §2981, *et seq.*) and the United States Congress (15 U.S.C. §1232, *et seq.*) of protecting motor vehicle purchasers from abusive selling practices and excessive charges.

55. Ford's scheme and concealment of the true characteristics of the Class Vehicles were material to Plaintiff and the Class members, and Ford misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the Class members would rely on the misrepresentations, concealments, and omissions. Had they known the truth, Plaintiff and the Class members would not have purchased or leased the Class Vehicles, or would have paid significantly less for them.

56. Plaintiff and Class members suffered ascertainable loss and actual damages as a direct and proximate result of Ford's misrepresentations and its concealment of and failure to disclose material information.

57. Pursuant to Cal. Bus. & Prof. Code §17200, Plaintiff and the Class members seek any such orders or judgments as may be necessary to restore to Plaintiff

-12-

CLASS ACTION COMPLAINT

and Class members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§17203 and 3345, and any other just and proper relief available under the UCL.

## COUNT II

## Violation of California's Consumer Legal Remedies Act ("CLRA")

**(Cal. Civ. Code §1750, *et seq.*)**

58. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

59. This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code §1761(d). Defendant's sale of vehicles were "transactions" within the meaning of Cal. Civ. Code §1761(e). The vehicle purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code §1761(a).

60. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of vehicles by Defendant:

    a. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5); and

    b. "Advertising goods or services with intent not to sell them as advertised" (a)(9).

61. Ford's scheme and concealment of the true characteristics of the Class Vehicles were material to Plaintiff and the Class members, and Ford misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the Class members would rely on the misrepresentations, concealments, and omissions. Had

1  they known the truth, Plaintiff and the Class members would not have purchased or
2  leased the Class Vehicles, or would have paid significantly less for them.

3      62. Ford continues to violate the CLRA and continues to injure the public by misleading consumers about its fees. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Ford from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

9      63. In accordance with Cal. Civ. Code §1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

12     64. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend her Complaint to include a request for damages. At this time, however, Plaintiff seeks only injunctive relief.

## COUNT III

### Unjust Enrichment

23     65. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25     66. Plaintiff brings this claim on behalf of herself and the Class.

26     67. To the detriment of Plaintiff and the Class, Ford has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

CLASS ACTION COMPLAINT

68. Plaintiff and the Class conferred a benefit on Ford when they paid Ford's Destination & Delivery fee that they were misled into believing was the actual costs of shipping the vehicle from the manufacturer to the dealership, without the inclusion of profit.

69. Ford unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Ford to retain.

70. Ford's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

71. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Ford as a result of its inequitable conduct as more fully stated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

a) Declaring Ford's Destination & Delivery fee policies and practices described herein to be misleading and wrongful;

b) Restitution by to Plaintiff and the Class in an amount to be determined at trial;

c) Disgorgement of the ill-gotten gains derived by Ford from its misconduct;

d) Actual damages in an amount according to proof;

e) Punitive and exemplary damages;

f) Pre-judgment interest at the maximum rate permitted by applicable law;

g) Treble damages, statutory damages, and attorneys' fees as provided by law;

h) Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

i) Such other relief as this Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: May 20, 2021

**KALIEL GOLD PLLC**
JEFREY D. KALIEL
SOPHIA GOLD

*/s/*
JEFFREY D. KALIEL

1100 15th Street, NE, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
E-mail: jkaliel@kalielpllc.com
          sgold@kalielgold.com

KOPELOWITZ OSTROW FERGUSON
  WEISELBERG GILBERT
JASON H. ALPERSTEIN
JEFF OSTROW
JONATHAN STREISFELD
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (619) 525-4300
E-mail: alperstein@kolawyers.com
          ostrow@kolawyers.com
          streisfeld@kolawyers.com

Attorneys for Plaintiff

-16-

CLASS ACTION COMPLAINT